Reza Sina (SBN 250428)
**SINA LAW GROUP**
3727 W. Magnolia Blvd, #277
Burbank, California 91505
Telephone: (310) 957-2057
reza@sinalawgroup.com

Attorneys for Plaintiff,
UNITED AUTOMOTIVE GROUP, INC. DBA CARZILO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED AUTOMOTIVE GROUP, INC. dba CARZILO,<br><br>Plaintiff,<br><br>vs.<br><br>IZMO, INC. dba IZMOCARS; DOES 1-10, INCLUSIVE,<br><br>Defendants. | **CASE NO. 2:25-cv-11118**<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br><br>Complaint Filed:<br>Trial Date: None Set |

Plaintiff United Automotive Group, Inc. dba Carzilo ("Plaintiff"), based on information and belief, state as follows for this complaint:

## NATURE OF THE ACTION

1. This is an action for declaratory relief arising from Defendant Izmo, Inc.'s repeated threats of federal litigation, assertions of willful copyright infringement, demands for six-figure settlement payments, assertions of personal liability, and threats to pursue statutory damages of up to $150,000 per image.

2. A real, immediate, and substantial controversy exists because Defendant has sent multiple cease-and-desist notices accusing Carzilo of infringing 109 images, asserting 126 alleged "infringements," and threatening to file suit in federal court unless Carzilo pays Defendant a demanded $163,500.

3. Plaintiff denies any infringement, denies any willfulness, disputes ownership as asserted, disputes the existence of any actionable copying, and seeks a judicial declaration confirming its rights under federal law.

## PARTIES

4. Plaintiff United Automotive Group, Inc. dba Carzilo is a California corporation with its principal office in Los Angeles County, California.

5. Defendant Izmo, Inc. is a Delaware with its principal place of business and headquarters in San Francisco, California. Izmo, Inc. is doing business as *izmocars*, claiming ownership of various automotive stock images.

6. Defendants DOES 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff at this time. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants. Each reference in this complaint to "defendants," "Defendant," or a specifically named defendant refers also to all Defendants sued under fictitious names.

7. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as DOE took part in and participated with Defendants in all matters referred to herein and was in some manner responsible for the injuries and losses suffered by Plaintiff.

8. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants was the agent, servant and/or employee or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendant has ratified, consented to, and approved the acts of his agents, employees, and representatives, and that each actively participated in, aided and abetted, or assisted one another in the commission of the wrongdoing alleged in this Complaint.

## JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 28 U.S.C. § 2201 because this case arises under the federal Copyright Act.

10. Venue is proper within this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the assets and property that is the subject of this action is in the State of California, within Los Angeles County, and because the Defendants transact business with consumers who reside in Los Angeles County and the State of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

### *Defendant's Long-Running Accusations*

11. Defendant has sent at least three written notices accusing Plaintiff of infringement, dated.

    a. November 17, 2023

    b. January 19, 2024

    c. January 28, 2025

12. On July 10, 2025, Defendant sent a detailed Cease & Desist Letter accusing Plaintiff of:

    a. Unlicensed use of 109 images,

    b. 126 alleged infringements,

    c. "Willful" infringement,

    d. Violations entitling Defendant to statutory damages, profits, and attorneys' fees.

### *Threats of Litigation*

13. Defendant expressly threatened suit and stated that absent payment within ten business days, it would be "left with no choice but to seek judicial intervention of the federal courts.

14. Defendant threatened statutory damages of up to $150,000 per image, attorneys' fees, injunctions, and destruction of materials.

### *Threats of Personal Liability*

15. Defendant accused Plaintiff's principal of operating under an assumed name and explicitly stated that he would be subjected to personal liability for the alleged infringement.

16. These threats create a substantial and immediate controversy requiring judicial resolution.

### *Plaintiff's Position*

17. Plaintiff denies infringing any copyrighted works.

18. Any images that may have appeared on Plaintiff's website were:

    a. licensed by third-party platforms, or

    b. publicly distributed automotive stock images, or

    c. used de minimis,

    d. used incidentally,

    e. used under an implied license,

    f. used in a manner constituting fair use,

      g.    or used in reliance on representations by third parties.

19. Furthermore, many of the alleged uses—if they occurred—occurred more than three years before Defendant's 2025 C&D letter and are barred by the Copyright Act's statute of limitations.

20. Plaintiff seeks judicial resolution before Defendant files a federal infringement suit.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT (28 U.S.C. § 2201)
### (Against All Defendants)

21. Plaintiff incorporates by reference all previous and subsequent paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

22. Defendant contends Plaintiff infringed 109 copyrighted works.

23. Plaintiff denies any infringement.

24. An actual controversy exists requiring judicial determination.

25. Plaintiff seeks the following declarations, adjudications and determinations:

    a.    A declaration that Plaintiff did not infringe any alleged copyrighted work.

    b.    A declaration that Plaintiff did not commit willful infringement.

    c.    A declaration that Plaintiff and its principals are not personally liable.

    d.    A declaration that any alleged uses were licensed or impliedly licensed.

    e.    A declaration that any alleged uses constitute fair use.

    f.    A declaration that any alleged uses were de minimis.

    g.    A declaration that all time-barred uses cannot give rise to liability.

     h.    A declaration that Defendant is barred from enforcement due to misuse.

     i.    Attorneys' fees and costs as authorized by law.

     j.    Such other declarations according to proof.

26.    A declaration from the Court is necessary to adjudicate the rights of each party as it relates to the alleged infringement.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for judgment against Defendants as follows:

1. For a judicial determination, order and judgment that Plaintiff did not infringe any alleged copyrighted work.
2. For a judicial determination, order and judgment that Plaintiff did not commit willful infringement.
3. For a judicial determination, order and judgment that Plaintiff and its principals are not personally liable.
4. For a judicial determination, order and judgment that any alleged uses were licensed or impliedly licensed.
5. For a judicial determination, order and judgment that any alleged uses constitute fair use.
6. For a judicial determination, order and judgment that any alleged uses were de minimis.
7. For a judicial determination, order and judgment that all time-barred uses cannot give rise to liability.
8. For a judicial determination, order and judgment that Defendant is barred from enforcement due to misuse.
9. Award of attorneys' fees and costs as authorized by law.
10. For such other and further relief as this Court may deem just and proper.

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action.

Dated: November 20, 2025          SINA LAW GROUP


                                  By:   */s/ Reza Sina*
                                        REZA SINA
                                        Attorneys for Plaintiff